BARTLETT, J.
The plaintiff seeks in this action to recover damages to the amount of S3,500,000 from the defendants, as the executors of one George F. Stone, deceased, on account of the al *159 leged misconduct of their testator. The complaint attempts to set out two causes of action. It alleges, in substance, that the plaintiff was possessed of valuable interests in a firm known as William D. Marvel & Co; in a corporation called the Marvel Iron Company; as the owner of a railroad in Spain, constructed by him under a concession from Alfonso XII.; and also as the owner of certain valuable iron mines in the same country. It further alleges that in May, 1888, for the purpose of reorganizing the business of the Marvel Iron Company, and for the formation of a Hew York railway corporation which should take in the said Spanish railroad, and for the consolidation of the Marvel Iron Company with said railway corporation, the plaintiff entered into an agreement with George F. Stone and others, which provided, among other things, that the plaintiff should convey the said Spanish railway to the said George F. Stone in trust, to be by the said George F. Stone conveyed to a railway corporation to be organized by him, the whole of whose capital stock was to be delivered to him, and held by him in trust as trustee for the purposes of said reorganization, and for no other purpose; and which agreement also provided that 6,000 shares of the stock of the Marvel Iron Company should be delivered to the said George F. Stone, to be held by him in trust as such trustee for the same purposes. The complaint further alleged that the plaintiff executed powers of attorney authorizing the transfer of the Spanish railway property, and delivered the 6,000 shares of stock, and that subsequedtly the said George F. Stone, with intent to defraud the plaintiff, violated his trust, and committed breaches of trust, by taking possession of the stock and the railway property individually, and not as trustee, and appropriating the same to his own-use. The details of the manner in which this is alleged to have been done are then set out, and the statement of the first cause of action concludes with various specifications of the damages which the plaintiff claims, to have suffered. We think it is plain that this portion of the complaint is indefinite and uncertain, by reason of the failure of pleader to disclose the character of the trust undertaken by Stone, or what were the duties and obligations which he assumed towards the plaintiff under such alleged trust. The phrases, “for the purpose of reorganizing the business of the Marvel Iron Company,” and “for the purposes of said reorganization,” convey no idea whatever as to what Stone really undertook to do with reference to the various properties mentioned; or is there anywhere in the complaint anything to indicate how, if at all, the plaintiff was to-profit by any reorganization which might be effected. The defendant's motion should have been granted, therefore, so far as these matters are concerned.
The second cause of action alleges that in January, 1891, the plaintiff was the owner of a certain chronometer and other personal property of the value of $1,100. of which the said Géorge F. Stone wrongfully took possession, and which lie unjustly detained, to the plaintiff’s damage in that amount. This seems to us to be stated with sufficient certainty and definiteness.
*160 So far as the application was directed against matter in the com* plaint as irrelevant or redundant, we see no occasion to interfere with the order below, especially as any substantial objections to the complaint on this ground may be obviated by the amendments necessary to make the first cause of action more definite and certain, as required by the views we have expressed.
The order appealed from should be reversed to the extent indicated in this opinion, and the motion granted so far as it seeks to have the complaint made move definite and certain by setting out in full the purposes of reorganization therein referred to, the terms of the trust assumed by the defendant’s testator, George F. Stone, and the duties and obligations undertaken by him thereunder.
All concur.